IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE EARL PEARSON,** : | |
| Petitioner, : | |
| vs. : | CIVIL ACTION 10-00385-CG-B |
| **SAM COCHRAN,** : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

Petitioner, an Alabama inmate proceeding pro se, filed the instant petition on a court-provided form seeking habeas corpus relief under 28 U.S.C. § 2254, together with a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Petitioner has failed to prosecute and to comply with the Court's Orders dated August 19, 2010 and September 3, 2010 (Docs. 3, 5), it is recommended that this action be dismissed without prejudice.

In an Order dated August 19, 2010 (Doc. 3), the Court observed that upon examination of Petitioner's motion for leave to proceed without prepayment of fees, it was determined that Petitioner's economic situation is such that the imposition of the cost of filing

would not work an undue hardship upon him. Accordingly, Petitioner's motion was denied, and he was ordered to remit to the Clerk of the United States District Court, within fifteen (15) days of the August 19th Order, a money order for $5.00 made payable to "Charles R. Diard, Jr., Clerk of Court."

Petitioner's copy of the August 19th Order was returned to the Court as undeliverable. (Doc. 4). As a result, Court officials contacted the Mobile Metro Jail, and learned that Plaintiff had been transferred to Kilby Correctional facility. Accordingly, in an Order dated September 3, 2010 (Doc. 5), the Clerk of Court was directed to forward a copy of the Court's August 19th Order to Plaintiff at his new address. The Court also extended the time for Plaintiff to pay the $5.00 statutory filing fee to September 17, 2010. (Doc. 5). Plaintiff was cautioned that if he failed to pay the required $5.00 filing fee within the prescribed time, this action would be dismissed for failure to prosecute.

To date, Petitioner has not paid the statutory filing fee, nor has he requested additional time in which to do so. In fact, he has not responded in any manner to the Court's Order (Doc. 5), and his copy of the Court's Orders have not been returned to the Court. Due to Petitioner's failure to comply with the Court's Orders of August 19, 2010 and September 3, 2010 (Docs. 3, 5), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant

2

to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);  Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **29th** day of **September, 2010**.

                                                  /S/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **/S/ Sonja F. Bivins**
                                        **UNITED STATES MAGISTRATE JUDGE**